## JOSHUA R. HULL *et al.*

### *v.*

## JULIA A. BURTIS.

1. STOCKHOLDER — *remedy of creditor of corporation.*  Under a charter of a banking corporation, providing that "each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfers," etc., a creditor of the corporation, to enforce individual liability of a stockholder, is not compelled to sue in the name of the corporation for his use, or by bill in chancery, but may bring his action against the stockholder in his own name, at law.*

2. SAME — *liability of stockholder to creditor — within what time suit to be brought.* The intention and effect of a clause in a charter, making each stockholder thereof liable to double the amount of stock held or owned by him and for three months after notice of its transfer, is to charge the stockholders with every debt made by the corporation while they hold stock, and also such indebtedness as may be contracted during three months after notice that they have transferred their stock.   The creditor whose debt was contracted within

---

*The same rule was held in *McCarthy* v. *Lavasche,* 89 Ill. 270.   But under the act of April 18, 1872, which has no application to corporations for banking, insurance, real estate brokerage and the business of loaning money, a court of law has no jurisdiction in suits by creditors against stockholders. *Richardson et al.* v. *Akin,* 87 Ill. 138.

that time may maintain suit against a stockholder after the expiration of the three months after notice of a transfer.[*]

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of debt, brought by Julia A. Burtis, against Joshua R. Hull and William H. Lidell, as stockholders in the Bank of Chicago, to recover for an indebtedness claimed to be due from the bank to the plaintiff. The action was based upon an act of the legislature, entitled "An act to incorporate the National Loan and Trust Company of Chicago," approved March 9, 1867. The name of the corporation was subsequently changed to " The Bank of Chicago."

The declaration alleged, for that whereas on the 11th day of May, 1874, thereafter and previous thereto, there existed in the city of Chicago, etc., and still exists, a private corporation, duly organized under and by virtue of an act of the General Assembly of this State, approved March 9, 1867, entitled "An act to incorporate the National Loan and Trust Company of Chicago," which corporation, after its organization, to-wit, on the 17th day of June, 1872, under and by virtue of the act of the General Assembly of Illinois to provide, among other things, for changing the names of incorporated companies, approved March 26, 1872, did duly change its name, in manner as by said statute provided, to " The Bank of Chicago," and by that name only has continued to transact business ever since said 17th day of June, 1872.

That said corporation was, by its said charter, empowered to do a general banking business; among other things, to borrow money and to receive money on deposit, to loan money, and make discounts, to accept trusts, fiduciary or otherwise, to issue letters of credit and other commercial obligations, and to buy and sell bills, notes, bonds, exchange and other securities.

[*]To the same effect is *Fuller* v. *Ledden*, 87 Ill. 310.

That section 3 of said act incorporating said bank is in words as follows: "The capital stock of said corporation shall be $50,000, with power to increase the same to $500,000, to be subscribed and paid for in the manner prescribed by the by-laws to be framed by said corporation, and shall be divided into shares of $100 each, which shall be deemed personal property, and shall be·transferred on the books of said corporation in such manner as its by-laws may prescribe; and each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfers, as hereinafter mentioned."

That in section 7 of said act it is, among other things, enacted as follows: "Whenever any transfer of stock is made, it shall be necessary to give notice of such transfer of such stock, which notice shall be published in a newspaper in the city of Chicago, Illinois, showing the amount of such stock so transferred, and the person to whom it is transferred."

That pursuant to said act of incorporation, $100,000 of stock in said corporation was subscribed for, and certificates therefor were issued.

That on the 11th day of May, 1874, thereafter and previous thereto, the said Joshua R. Hull and William H. Lidell, defendants, were stockholders in said bank, and owned 20 shares of stock, to the amount of $2000, and were, by virtue of the said provisions of said charter, individually liable to the creditor or creditors of said bank, in an amount double the said amount of stock so held by said defendants, and still own said stock, and are still liable as aforesaid.

That on said last named date the said Bank of Chicago was indebted to this plaintiff in the sum of $500, for money had and received of this plaintiff by said bank, and on that day this defendant drew two separate checks upon said bank, each dated May 11, 1874, each for the sum of $250, each payable to the order of this plaintiff, each signed by this plaintiff, one of said checks being drawn payable 60 days after its date, and one of said checks being payable 75 days from its date; that

upon said 11th day of May, 1874, this plaintiff presented said checks to said bank for acceptance, and the said bank did accept said checks, and did, by its certifying stamp and the written indorsement of its teller upon each of said checks, certify said checks to be good, and promised to pay the same; that this plaintiff still owns and holds said checks, and that the same are past due, and that said bank is still indebted to this plaintiff for said moneys so deposited with said bank by this plaintiff, and for which said checks were drawn in the sum of $500, with interest upon, etc.

That the defendants, Joshua R. Hull and William H. Lidell, were partners in business in the city of Chicago on said 11th day of May, 1874, and owned said stock, as aforesaid, in said Bank of Chicago, in their partnership name and style of Hull, Lidell & Co., and that said indebtedness of said bank to this plaintiff was incurred while said defendants, in their name of Hull, Lidell & Co., were stockholders in said bank as aforesaid.

That said bank has, since said last named date, become utterly insolvent, and is now insolvent, and has made an assignment for the benefit of its creditors; and although this plaintiff has often demanded of said bank the sum due this plaintiff as aforesaid, the said bank has neglected and refused, and still neglects and refuses, to pay the same, or any part thereof.

That the defendants have not sold and transferred their said stock, or any part thereof, three months prior to the commencement of this action; that the defendants are therefore liable to the plaintiff for the said claim of the plaintiff against the said bank, to-wit, etc., yet, the said defendants, though often requested, etc.

The court overruled a demurrer to the declaration, and rendered judgment in favor of the plaintiff for $500 debt, and $47 damages, and for costs.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellants.

Messrs. SHUFELDT & WESTOVER, for the appellee.

Per CURIAM: This is an action brought by Burtis against Hull and Lidell, in which judgment was rendered against defendants for the amount of a debt due to plaintiff from the Bank of Chicago, upon the ground that they were stockholders in that corporation, and that the charter provides that "each stockholder shall be liable to double the amount of stock held or owned by him, and for three months after giving notice of transfers, as hereinafter mentioned."

Appellants insist that this statute does not warrant an action at law by a creditor against the stockholder, but that the remedy of the creditor is by action in the name of the corporation, for his use, or by bill in chancery. This question has been fully considered, and a majority of the court think this action may be brought by the creditor in his own name, and it has been so decided in other cases.

It is also insisted, that this action is barred by the terms of the charter, inasmuch as it was not brought within three months after the defendants ceased to be stockholders.

This is not a proper construction of the act. We think the intention of the act is to charge the stockholders with every debt made by the corporation while they hold stock, and during three months after notice that they have transferred their stock.

The judgment must be affirmed.

*Judgment affirmed.*